

FILED
NOV 14 2014
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| In re: Subpoena Issued by Property Disclosure Technologies, LLC | A14MC1031 SS |

---

## UNDERLYING CASE:

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| PROPERTY DISCLOSURE TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>BETTER HOMES AND GARDENS REAL ESTATE LLC, et al.,<br><br>Defendants. | Civil Action No. 6:14-CV-00013-JDL<br>(LEAD CASE) |

## DEFENDANTS' MOTION TO QUASH

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants Winans, Inc. and JBGoodwin Realtors, Inc. (collectively, "Defendants") file this Motion to Quash Plaintiff's Subpoena to Third Parties and would respectfully show the Court as follows:

### I. BACKGROUND

1. Plaintiff, Property Disclosure Technologies, LLC ("PDT") filed separate lawsuits based on three separate patents (the "Patents-in-Suit") alleging that Defendants' websites infringe on Plaintiff's patents by disclosing information about residential real estate for sale, such as the

price of the property. *See Ex. A and B[1]*. The two cases, among others, were consolidated into cause number 6:14-cv-00013 about April 23, 2014. On or about October 30, 2014, PDT sent subpoenas to two non-parties, the Texas Association of Realtors, ("T.A.R.") and the National Association of Realtors ("N.A.R.") seeking communications and documents between Defendants, T.A.R., N.A.R., their attorneys and members related to this litigation. *Ex. C and D*. Importantly, PDT is not making any allegations against T.A.R. or N.A.R. *See Ex. A and B*.

2. Because of T.A.R.'s and N.A.R.'s relationship as an advocate and a center for providing legal advice for REALTORS® in Texas and across the country, and because they assist in operating Multiple Listing Service ("MLS") systems used to list real estate for sale, T.A.R. and N.A.R. have taken an active interest in the PDT patent litigation from the time the PDT lawsuits were filed. *Ex. E and F*. Particularly, because PDT has taken the position that anyone that displays a property for sale on a website has violated its patents, the PDT lawsuits potentially affect every single T.A.R. and N.A.R. member, as well as T.A.R. and N.A.R. themselves.

3. Defendants, T.A.R. and N.A.R. have actively been preparing for in anticipation of litigation since learning of PDT's lawsuits. *Ex. E and F*. In fact, Defendants, T.A.R., N.A.R., and other defendants, formed a Joint Defense Group to jointly fight PDT's litigation. *Id.* Moreover, T.A.R. and N.A.R. retained Christopher Welsh, of the firm Stoddard & Welsh, PLLC, and Barrett Lesher of the firm Hallett & Perrin, PC, to represent their interests in the PDT litigation. *Id.* Mr. Welsh and Mr. Lesher also represent Defendants.

4. As a result, since learning of the PDT lawsuits, Defendants, T.A.R., N.A.R., and their attorneys have been in constant communication regarding this case, exchanging, among other things, litigation strategy and documents prepared by their counsel. T.A.R. and N.A.R. have also

---

[1] [1] In order to conserve paper and filing space, Defendants are only attaching the exhibits to the petition filed against Winans, Inc., as the exhibits to both petitions attached hereto as *Ex. A and B* are identical.

been providing financial support to Defendants because they do not have the financial capabilities to defend this litigation. *Id.*

5. As a result, all communications and documents by and between Defendants, T.A.R., N.A.R., and their attorneys is privileged and exempt from discovery by Plaintiff. Additionally, the information sought by Plaintiff has no relevance whatsoever on whether or not Defendants' websites, which they operate and control separate and apart from T.A.R. and N.A.R., infringe on the Patents-in-Suit. For these reasons, Plaintiff's subpoenas should be quashed in their entirety.

## II. ARGUMENT

### A. Legal Standard

6. Defendants have standing to file this Motion because they are affected by PDT's subpoenas. Fed. R. Civ. P. 45(d)(3)(B). Specifically, Defendants have standing to challenge the subpoenas because they seek privileged information between Defendants, T.A.R., N.A.R., and their attorneys. *Brown v. Braddick*, 595 F.2d 691, 967 (5th Cir. 1979). It is Defendants' position that this Court should quash the subpoenas because they require the disclosure of protected and/or privileged materials and no exception or waiver applies. Fed. R. Civ. P. 45(c)(3)(A).

7. The purpose of the attorney-client privilege is "to protect confidential communications and to protect the attorney-client relationship." *Shields v. Strum, Ruger, & Company*, 864 F.2d 379, 382 (5th Cir. 1989). Confidential communications by a client to his attorney for the purpose of obtaining legal advice, and by an attorney to his client, are not discoverable. *Hodges, Grant & Kaufmann v. United States,* 768 F.2d 719, 720-21 (5th Cir. 1985). The privilege is *not* waived even if communications were made in "preliminary discussions" with attorneys prior to entering into a formal representation. *In re. Auclair,* 961 F.2d 65, 69 (5th Cir. 1992). "No less may be said for persons who consult an attorney together as a group with common interests

seeking common representation." *Id.* This is commonly known as the "common legal interest" extension to the attorney-client privilege. *Id.* The general rule is simply that if a communication "is intended to be remain confidential and was made under such circumstances that it was reasonably expected to be confidential" then the attorney-client privilege attaches and the items are not discoverable. *Id.* at 70.

8. The work product privilege exists to promote the adversary system by enabling attorneys to prepare cases without fear that their work product will be used against their clients. *Hickman v. Taylor,* 329 U.S. 495, 510-11 (1947). The privilege extends qualified immunity to (1) "documents or tangible things," (2) "prepared in anticipation of litigation or for trial," or (3) "by or for another party or by or for that other party's representative." Fed. R. Civ. P. 26(b)(3). Given the purpose of the work product privilege "mere voluntary disclosure to a third person is insufficient in of itself to waive" it. *Shields v. Strum,* 864 F.3d 379, 382 (5th Cir. 1989).

9. A subset of the above rules is joint defense privilege. The joint defense privilege extends the attorney-client privilege to any third party made privy to privileged communications if that party "has a common legal interest with respect to the subject matter of the communication." *Auclair,* at 69; *In re LTV Securities Litigation,* 89 F.R.D. 595, 604 (N.D. Tex. 1981) ("disclosure of privileged information by an attorney to actual or potential co-defendants" is privileged). This privilege encompasses shared communications between various co-defendants, **"actual or potential**," and their attorneys, prompted by "threatened or actual, civil or criminal" proceedings "to the extent that they concern common issues and are intended to facilitate representation in possible subsequent proceedings." *In Re LTV Securities,* 89 F.R.D. at 604.

10. The joint defense privilege extends to the joint defense agreement itself. Numerous courts have repeatedly held that a joint defense agreement is protected by the work product

exemption. *See e.g. Aiken v. Texas Farm Bureaus Mut. Ins. Co.*, 151 F.R.D. 621, 624 (E.D. Tex. 1993); *AMEC Civil, LLC v. DMJM Harris, Inc.*, 2008 U.S. Dist. LEXIS 54466 *4 (D.N.J. 2008); *RFMAS, Inc. v. So.*, U.S. Dist. LEXIS 14969 *1 (S.D. N.Y. 2008), *United States v. Adlman*, 134 F.3d 1194, 1202-03 (2nd Cir. 1998); *Generac Power Sys. v. Kohler Co.*, 2012 U.S. Dist. LEXIS 160400 *3 (E.D. Wisc. 2012). Other Courts have also held such agreements are not discoverable because they are not relevant to a party's claims or defenses. *See e.g. Broessel v. Triad Guar. Ins. Corp.*, 238 F.R.D. 215, 218 (W.D. Ky. 2006). In the case of patent cases, courts have noted that joint defense agreements are particularly appropriate as the parties have a joint interest in "having [Plaintiff's] patent declared invalid." *Generac Power Sys. v. Kohler Co.*, 2012 U.S. Dist. LEXIS 160400 *4 (E.D. Wisc. 2012).

11. Defendants' file this Motion before the time for compliance, December 1, 2014, as required by Fed. R. Civ. P. 45(c)(3)(A). *Ex. A and B*. The Motion is also filed within fourteen (14) days of service of the subpoena.

### B. Categories of Documents

12. The Subpoenas sent by PDT can be divided into several main categories of documents:

- Requests for documents between T.A.R. and N.A.R. employees and T.A.R.'s and N.A.R.'s in house attorneys; (Request for Production Nos. 1, 2, 3, 4, 5, 6, 7, and 8);

- Request for documents between T.A.R. and N.A.R. employees and T.A.R.'s and N.A.R.'s outside counsel; (Request for Production Nos. 1, 2, 3, 4, 5, 6, 7, and 8);

- Request for documents between T.A.R.'s and N.A.R.'s in house attorneys and T.A.R.'s and N.A.R.'s outside counsel;

- Request for documents between T.A.R. and N.A.R. and the Joint Defense Group attorneys and/or members; (Request for Production Nos. 1, 2, 3, 4, 5, 6, 7, and 8);

- Requests for details of the Joint Defense Agreement; (Request for Production Nos. 1, 2, 3, 4, 5, 6, 7, and 8); and

- Request for documents between T.A.R.'s and N.A.R.'s attorneys and T.A.R.'s and N.A.R.'s members; (Request for Production Nos. 1, 2, 3, 4, 5, 6, 7, and 8).

<u>None</u> of these items are legally discoverable as are all protectable by applicable rules. PDT is well aware of this fact, but has sent such a subpoena to harass Defendants, T.A.R. and N.A.R. in this litigation.

### C. Objections to Entire Subpoena

13. This Court should quash both subpoenas because they seek privileged information and nothing Plaintiff seeks bears any relevance to the underlying litigation. *Orchestrate HR, Inc. v. Trombeta,* 2014 U.S. Dist. LEXIS 24995 *5 (N.D. Tex. 2014). PDT is seeking confidential communications between Defendants, T.A.R., N.A.R., and their attorneys. By requesting all such communications directly from T.A.R. and N.A.R., PDT is attempting to circumvent the discovery process to avoid an objection to these requests from Defendants based on privilege and relevance, at the least. PDT is asking T.A.R. and N.A.R. to violate Defendants' confidences – without having made any showing that the documents are relevant to their suit. Further, communications and documents between Defendants, T.A.R., N.A.R., and their attorneys have no bearing whatsoever on whether Defendants' websites infringe on PDT's patents.

### D. Objections to Specific Requests

14. Defendants also object to each request individually:

(i)   Request for Production No.1: "All Documents that discuss, refer, or relate to the Present lawsuit."

*Objections:* This subpoena request requires the disclosure of privileged or

protected material for which no exception applies. The attorney-client, work-product, joint defense, and common legal interest privilege apply to this request. It further requires the disclosure of confidential information, and Plaintiff has failed to show a substantial need for the requested material and/or that the materials cannot otherwise be secured without undue hardship.

The requested information bears no relevance whatsoever to Plaintiff's lawsuit of alleged infringement against any named Defendant. It is purely harassing.

(ii) Request for Production No. 2: "All communications between You and any other person or entity that discuss, refer, or relate to the Present Lawsuit including, but not limited to, all communications with the National Association of Realtors [or Texas Association of Realtors] with respect to the Present Lawsuit, and all communications relating to (i) settlement negotiations, and (ii) providing funding to any defendant in the Present lawsuit."

*Objection*: This subpoena request requires the disclosure of privileged or protected material for which no exception applies. The attorney-client, work-product, joint defense, and common legal interest privilege apply to this request. It further requires the disclosure of confidential information, and Plaintiff has failed to show a substantial need for the requested material and/or that the materials cannot otherwise be secured without undue hardship.

The requested information bears no relevance whatsoever to Plaintiff's lawsuit of alleged infringement against any named Defendant. It is purely harassing.

(iii) Request for Production No. 3: "All documents that discuss, refer, or relate to the Patents-in-Suit."

*Objection:* This subpoena request requires the disclosure of privileged or protected material for which no exception applies. The attorney-client, work-product, joint defense, and common legal interest privilege apply to this request. It further requires the disclosure of confidential information, and Plaintiff has failed to show a substantial need for the requested material and/or that the materials cannot otherwise be secured without undue hardship.

The requested information bears no relevance whatsoever to Plaintiff's lawsuit of alleged infringement against any named Defendant. It is purely harassing.

(iv) Request for Production No. 4: "All communications between You and any other person or entity that discuss, refer, or relate to the Patents-in-Suit."

*Objection*: This subpoena request requires the disclosure of privileged or protected material for which no exception applies. The attorney-client, work-product, joint defense, and common legal interest privilege apply to this request. It further requires the disclosure of confidential information, and Plaintiff has failed to show a substantial need for the requested material and/or that the materials cannot otherwise be secured without undue hardship. Plaintiff has failed to provide any assurances of reasonable compensation to all subpoenaed persons to cover the cost and expense of complying with the subpoena.

The requested information bears no relevance whatsoever to Plaintiff's lawsuit of alleged infringement against any named Defendant. It is purely harassing.

(v) Request for Production No. 5: "All documents that discuss, refer, or relate to PDT."

*Objection*: This subpoena request requires the disclosure of privileged or protected material for which no exception applies. The attorney-client, work-product,

        joint defense, and common legal interest privilege apply to this request. It further requires the disclosure of confidential information, and Plaintiff has failed to show a substantial need for the requested material and/or that the materials cannot otherwise be secured without undue hardship.

        The requested information bears no relevance whatsoever to Plaintiff's lawsuit of alleged infringement against any named Defendant. It is purely harassing.

(vi)     Request for Production No. 6: "All communications between You and any other person or entity that discuss, refer, or relate to PDT."

        *Objection*: This subpoena request requires the disclosure of privileged or protected material for which no exception applies. The attorney-client, work-product, joint defense, and common legal interest privilege apply to this request. It further requires the disclosure of confidential information, and Plaintiff has failed to show a substantial need for the requested material and/or that the materials cannot otherwise be secured without undue hardship.

        The requested information bears no relevance whatsoever to Plaintiff's lawsuit of alleged infringement against any named Defendant. It is purely harassing.

(vii)     Request for Production No. 7: "Documents sufficient to show all amounts paid by you in connection with the defense of JBGoodwin, Winans, or any other defendant in the Present Lawsuit."

        *Objection*: This subpoena request requires the disclosure of privileged or protected material for which no exception applies. The attorney-client, work-product, joint defense, and common legal interest privilege apply to this request. It further requires the disclosure of confidential information, and Plaintiff has failed to show a

substantial need for the requested material and/or that the materials cannot otherwise be secured without undue hardship.

The requested information bears no relevance whatsoever to Plaintiff's lawsuit of alleged infringement against any named Defendant. It is purely harassing.

(viii) Request for Production No. 8: "All agreements between You and JBGoodwin, Winans, or any other defendant entered into connection with the Present Lawsuit."

*Objection*: This subpoena request requires the disclosure of privileged or protected material for which no exception applies. The attorney-client, work-product, joint defense, and common legal interest privilege apply to this request. It further requires the disclosure of confidential information, and Plaintiff has failed to show a substantial need for the requested material and/or that the materials cannot otherwise be secured without undue hardship.

The requested information bears no relevance whatsoever to Plaintiff's lawsuit of alleged infringement against any named Defendant. It is purely harassing. While the amount of fees paid by an actual party to the suit (such as Winans or JB Goodwin) may have some relevance, amounts paid by a third party, who has no claims in the suit, do not.

### III.    CONSENT TO TRANSFER

15. Pursuant to Federal Rule of Civil Procedure 45(f), Defendants consent to transferring this Motion to the Court where the underlying action is presiding, Civil Action No. 6:14-CV-00013-JDL, United States District Court for the Eastern District of Texas.[2]

### IV.    CONCLUSION

---

[2] While the subpoena to the Texas Association of Realtors requires compliance in the Western District of Texas, the subpoena to the National Association of Realtors requires performance in the Northern District of Illinois. As such, Defendants are filing a Motion to Quash in the Northern District of Illinois on the same grounds as this Motion, and are likewise consenting to transferring the motion pending in the Northern District of Illinois to the Eastern District of Texas where the underlying action is pending to promote judicial economy.

16. This Court should recognize Plaintiff's subpoena for exactly what it is – an unprofessional and harassing attempt to stop T.A.R. and/or N.A.R. from supporting their members and intimidate it from further advocating for its member REALTORS®. This is a direct attack on a joint defense group who have common legal interests in seeing PDT's "patents" invalidated.

17. Not a single request made by Plaintiff has *any* bearing on any of PDT's claims in the current lawsuit. Rather it is a pure fishing expedition. The legal strategies and internal communications of organizations – who are not even parties to the lawsuit – have no relevance to the proceeding. The communications and documents between Defendants, T.A.R., N.A.R., and their counsel have no bearing on the PDT's claims of infringement. It is telling that PDT did *not* seek these same documents from the actual parties to the litigation, rather it elected to harass other known members of a joint defense agreement who have a common legal interest in the litigation in an attempt to compel a settlement – an unfortunate pattern of behavior that PDT has repeatedly demonstrated. This Court should quash PDT's subpoenas for the above mentioned reasons.

## V. PRAYER

WHEREFORE, premises considered, Defendants respectfully request that this Court quash Plaintiff's subpoenas attached hereto as Exhibits A and B, in their entirety, and for any and all further relief to which this Court finds Defendants are justly entitled to receive.

_(signature)_
Christopher B. Welsh
State Bar No.: 24049538
E-Mail: Cwelsh@stoddardwelsh.com
STODDARD AND WELSH, P.L.LC.
8150 N. Central Expressway
Suite 1150
Dallas, Texas 75206
Telephone: (214) 884-4900
Facsimile: (214) 884-4910

and

**HALLETT & PERRIN, P.C.**

Barrett C. Lesher (Lead Counsel)
State Bar No. 24070137
E-Mail: blesher@hallettperrin.com
HALLETT & PERRIN, P.C.
1445 Ross Ave., Suite 2400
Dallas, TX 75202
Telephone: (214) 922-4132
Facsimile: (214) 922-4142

*Counsel for Winans, Inc.*

## CERTIFICATE OF SERVICE

I certify on November 12, 2014, the foregoing was served by e-mail to the e-mail addresses agreed to for such purposes:

| | |
|---|---|
| For Plaintiff: | BJC-PropertyDisclosure@bjciplaw.com |
| For Defendants: | cwelsh@stoddardwelsh.com |
| | blesher@hallettperrin.com |

_(signature)_
Christopher B. Welsh